# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

---

| | |
|---|---|
| SHIVA STEIN, | : |
| | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : **COMPLAINT FOR VIOLATIONS OF** |
| | : **SECTIONS 14(a) AND 20(a) OF THE** |
| AROTECH CORPORATION, KENNETH W. | : **SECURITIES EXCHANGE ACT OF** |
| CAPPELL, LAWRENCE F. HAGENBUCH, | : **1934** |
| JON B. KUTLER, and JAMES J. QUINN, | : |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

---

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Arotech Corporation ("Arotech or the "Company") and the members of the Arotech board of directors (the "Board" or the "Individual Defendants," and together with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Arotech by Argonaut Intermediate, Inc. ("Argonaut"), which is an affiliate of Greenbriar Equity Group, L.P., a private equity firm.

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading proxy statement (the "Proxy Statement") to be filed on October 23, 2019 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Proxy Statement recommends that the Company's stockholders vote in favor of a proposed transaction whereby Argonaut Merger Sub,

Inc., a direct wholly-owned subsidiary of Argonaut, will merge with and into Arotech, with Arotech continuing as the surviving corporation and as a wholly-owned subsidiary of Argonaut (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each Arotech common share issued and outstanding will be converted into the right to receive $3.00 per share in cash (the "Merger Consideration").

3. As discussed below, Defendants have asked Arotech stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Proxy Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy Statement contains materially incomplete and misleading information concerning the Company's financial forecasts and financial analyses conducted by the financial advisor of the Company, B. Riley FBR, Inc. ("B. Riley"), in support of its fairness opinion, and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Arotech stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Arotech in incorporated in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Arotech common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Kenneth W. Cappell has served as a member of the Board since May 2015.

11. Individual Defendant Lawrence F. Hagenbuch has served as a member of the Board since March 2016.

12. Individual Defendant Jon B. Kutler has served as Chairman of the Board since May 2016 and a member of the Board since February 2016.

13. Individual Defendant James J. Quinn has served as a member of the Board since May 2016.

14. Defendant Arotech is incorporated in Delaware and maintains its principal offices at 1229 Oak Valley Drive, Ann Arbor, Michigan 48108. The Company's common stock trades on the NASDAQ Stock Exchange under the symbol "ARTX."

15. The defendants identified in paragraphs 10-13 are collectively referred to as the "Individual Defendants" or the "Board."

16. The defendants identified in paragraphs 10-14 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.   The Proposed Transaction**

17. Arotech is a leading provider of quality defense and security products for the military, law enforcement and homeland security markets, including multimedia interactive simulators/trainers and advanced power supplies, batteries and chargers. Arotech operates two major business divisions: Training and Simulation, and Power Systems. Arotech is incorporated in Delaware, with corporate offices in Ann Arbor, Michigan, and research, development and production facilities in Michigan, South Carolina, Florida, and Israel.

18. On September 23, 2019, Arotech announced the Proposed Transaction:

> ANN ARBOR, Mich., Sept. 23, 2019 (GLOBE NEWSWIRE) -- Arotech Corporation (NasdaqGM: ARTX) today announced that it has entered into a definitive agreement with an affiliate of Greenbriar Equity Group, L.P. ("Greenbriar") under which the affiliate will acquire all outstanding shares of Arotech common stock for $3.00 per share in cash, representing an aggregate equity value of approximately $80.8 million. The $3.00 per share cash consideration represents a premium of approximately 32.7% to Arotech's closing share price on September 20, 2019, the last full trading day before today's announcement. The transaction, which was unanimously approved by Arotech's Board of Directors upon recommendation by a Special Committee of the Board, is expected to close in the first quarter of 2020. Following completion of the transaction, Arotech expects it will remain headquartered in Ann Arbor, MI.

**Transaction Details**

Under the terms of the merger agreement, Arotech's Board of Directors, with the assistance of its financial advisor, will conduct a 30-day "go-shop" process following the date of the announcement of the merger agreement, during which it will actively initiate, solicit, facilitate, encourage and evaluate alternative acquisition proposals, and potentially enter into negotiations with any parties that offer alternative acquisition proposals. Arotech will have the right to terminate the merger agreement to accept a superior proposal, subject to the terms and conditions of the merger agreement. There can be no assurance that this "go-shop" process will result in a superior proposal or that any other transaction will be approved or completed, and Arotech does not intend to disclose developments with respect to the solicitation process unless and until its Board of Directors makes a determination requiring further disclosure. The proposed transaction is subject to, among other customary closing conditions, approval by the holders of a majority of the shares of Arotech common stock. There are no financing contingencies contemplated under the terms of the merger agreement. Following completion of the transaction, Arotech will become a privately-held company and shares of Arotech's common stock will no longer be listed on any public market.

**Advisors**

B. Riley FBR, Inc. is serving as exclusive financial advisor to Arotech, and Lowenstein Sandler LLP is serving as legal counsel. Kirkland & Ellis LLP is serving as legal counsel to Greenbriar.

19.     It is imperative that Arotech's stockholders are provided with the material information that has been omitted from the Proxy Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.      The Materially Incomplete and Misleading Proxy Statement**

20.     On October 23, 2019, Arotech filed the Proxy Statement with the SEC in connection with the Proposed Transaction. The Proxy Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Proxy Statement before it was filed

with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Proxy Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Arotech Financial Projections*

21.     The Proxy Statement fails to provide material information concerning financial projections prepared by Arotech management and relied upon by B. Riley in its analyses. The Proxy Statement indicates that in connection with the rendering of its fairness opinion, the Company prepared certain non-public financial forecasts (the "Company Projections") and provided them to the Board and B. Riley with forming a view about the stand-alone valuation of the Company. Proxy at 37. Accordingly, the Proxy Statement should have, but fails to provide, certain information in the projections that Arotech management provided to the Board and B. Riley. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-03 (Del. Ch. 2007).

22.     For the Company Projections, the Proxy Statement provides values for the non-GAAP (Generally Accepted Accounting Principles) financial metric Adjusted EBITDA but fails to provide: (i) the line items used to calculate the non-GAAP measure, or (ii) a reconciliation of the non-GAAP metric to its most comparable GAAP measure, in direct violation of Regulation G and consequently Section 14(a). Proxy Statement at 37.

23.     When a company discloses non-GAAP financial measures in a proxy statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

24.     The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[1]

25.     Thus, to cure the Proxy Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Proxy Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measure. At the very least, the Company must disclose the line item forecasts for the financial metrics that were used to calculate the aforementioned non-GAAP measure. Such

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

forecasts are necessary to make the non-GAAP forecast included in the Proxy Statement not misleading.

26. With respect to the *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the projected terminal values for the Company; (ii) the inputs and assumptions underlying the range of discount rates ranging from 14.0% to 16.0%; (iii) the basis for applying exit multiples from 9.5x-10.5x; and (iv) unlevered free cash flows for calendar years 2020 through 2024 and the line items used to calculate them. Proxy Statement at 33-34.

27. With respect to the *Premiums Paid Analysis*, the Proxy Statement fails to disclose the premiums paid in the transactions observed by B. Riley in the analysis. Proxy Statement at 34.

28. In sum, the omission of the above-referenced information renders statements in the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

29. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

30. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or

8

misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

31. Defendants have issued the Proxy Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Proxy Statement and the use of their name in the Proxy Statement, which fails to provide critical information regarding, among other things, financial analyses that were prepared by B. Riley and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

32. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

33. Defendants were, at the very least, negligent in preparing and reviewing the Proxy Statement. The preparation of a Proxy Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in choosing to omit material information from the Proxy Statement or failing to notice the material omissions in the Proxy Statement upon reviewing it, which they were required to do carefully. Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives and the Company's financial projections.

34. The misrepresentations and omissions in the Proxy Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

35. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

36. The Individual Defendants acted as controlling persons of Arotech within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Arotech, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Arotech, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

37. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

38. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Arotech, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations

alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Proxy Statement.

39. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

40. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

41. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

42. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with,

consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.  Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.  Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.  Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.  Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 24, 2019

**OF COUNSEL:**

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gloria Kui Melwani
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
Email: melwani@whafh.com

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*